**Verna EMERY, on behalf of herself and all other similarly situated, Plaintiff,**

**v.**

**AMERICAN GENERAL FINANCE, INC. American General Finance Corp. and John Does 1–10, Defendants.**

No. 94 C 5181.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 18, 1997.

Daniel A. Edelman, Cathleen Combs Cohen, Tara Leigh Goodwin, Michelle Ann Weinberg, John Joseph Simonetti, Edelman & Combs, Chicago, IL, James Eric Vander Arend, Gessler, Hughes & Socol, Ltd., Chicago, IL, O. Randolph Bragg, Chicago, IL, Cephus Knox McLaney, III, McLaney & Associates, P.C., Montgomery, AL, for Verna Emery.

Jonathan N. Ledsky, Craig Allen Varga, Varga, Berger, Ledsky & Hayes, Chicago, IL, for American General Finance, Inc.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Verna Emery has brought a four count putative class action second amended complaint against defendants American General Finance, Inc. ("AGFI"), American General Finance Corp. ("AGFC") and John Does Nos. 1–10, complaining of certain practices (denominated by plaintiff as "loan flipping") concerning defendants' solicitation of loans from existing customers. Count I alleges a violation of the Racketeer Influence Corrupt and Corrupt Organization Act (RICO), 18 U.S.C. § 1961, *et seq.*, against AGFC; Count II alleges a RICO violation against AGFI; Count III alleges RICO violations against John Does Nos. 1–10; and Count IV alleges that AGFI and AGFC violated the consumer fraud statutes of "some or all" of the fifty states and the District of Columbia. Defendants' have moved to dismiss all counts for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). For the reasons set forth below, defendants' motion is granted, and this suit is dismissed with prejudice.

### BACKGROUND

Plaintiff originally brought this action as a one count RICO complaint against AGFI. This court dismissed that suit, concluding that absent a duty to disclose, AGFI could not be found liable for mail fraud. *Emery v. American General Finance, Inc.,* 873 F.Supp. 1116 (N.D.Ill.1994). The Seventh Circuit reversed, holding that the complaint adequately alleged an intentional half-truth. *Emery v. AGFI,* 71 F.3d 1343, 1348 (7th Cir.1995). The court also held, however, that the complaint failed to plead a pattern of racketeering activity because it pleaded only one incident of mail fraud particularly, and then alleged that defendant did the same thing to others.

On remand, plaintiff filed an amended complaint, wholly restructuring her lawsuit. The amended complaint named AGFC as the RICO defendant and, seeking to cure the lack of specific allegations of a pattern of racketeering activities, added additional allegations of two other AGFI customers.

On August 28, 1996, this court dismissed plaintiff's amended complaint with prejudice because it failed to allege a RICO enterprise separate and distinct from the RICO person, improperly sought to impose *respondeat superior* liability, and failed to allege a pattern of racketeering activity. *Emery v. AGFI,* 938 F.Supp. 495 (N.D.Ill.1996). With respect to racketeering activity, this court held that the amended complaint failed to allege that either of the two AGFI customers added to cure the pattern deficiencies in the original complaint ever received a misleading solicitation through the mail, or even made their loan payments through the mail. Therefore, the amended complaint failed to allege more than one instance of mail fraud and failed to allege a pattern of racketeering activity. *Id.*

Plaintiff sought leave to file a second amended complaint, asserting that she could cure all deficiencies noted by this court when it dismissed the amended complaint. Based on plaintiff's counsel's assurances, the court granted plaintiff leave to file a second amended complaint. The second amended complaint once again restructures the lawsuit. It now names both AGFI and AGFC as RICO defendants as well as ten John Doe defendants. It attempts to cure the enterprise allegation deficiencies by eliminating certain factual allegations on which this court relied in determining that plaintiff had failed to allege an enterprise separate and distinct from the RICO defendant. With respect to racketeering activity, plaintiff has alleged,

albeit on information and belief, that the additional customers received a solicitation similar to the one plaintiff received, and in response to that solicitation went to AGFI for another loan. Plaintiff has also added an allegation about another customer who received a different solicitation with her monthly statement.

Not surprisingly, the second amended complaint was met with another motion to dismiss, asserting that plaintiff has failed to correct any of the earlier deficiencies. This court agrees.

## DISCUSSION[1]

Defendants once again assert that the second amended complaint fails to: (1) satisfy RICO's requirement that the RICO enterprise be separate and distinct from the RICO person; (2) plead a pattern of racketeering activities; (3) plead fraud with particularity, and (4) allege causation. Because the court agrees that the second amended complaint fails to plead adequately a pattern of racketeering activity, and fails to plead fraud with particularity, defendants' motion to dismiss is granted.

As held by the Seventh Circuit in this case, to prevail on her RICO counts, plaintiff must plead and prove a pattern of racketeering activity consisting of at least two criminal acts. Where, as here, the acts alleged are fraud, the circumstances of each act must be pleaded with particularity as required by Fed.R.Civ.P. 9(b). *Emery,* 71 F.3d at 1348. As stated earlier, to comply with this directive, in her amended complaint plaintiff added allegations relating to two other customers, Tawanna Gill and Tonia Carr. The amended complaint failed to allege, however, that either Ms. Gill or Ms. Carr received a misleading solicitation through the mail, or that either made loan payments through the mail. Accordingly, this court concluded that the amended complaint failed to allege mail fraud with respect to Ms. Gill or Ms. Carr, leaving plaintiff's amended complaint with the exact deficiencies identified by the Seventh Circuit.

To address this problem, plaintiff has made two additions to her second amended complaint. With respect to Gill and Carr, plaintiff has alleged "on information and belief" that each received a solicitation substantially similar to the one received by plaintiff. As in her first amended complaint, however, she has not alleged that either Gill or Carr received any such solicitation through the mail, or that either made loan payments through the mail. Without a use of the mail, the allegations cannot support a claim of mail fraud. *Associates in Adolescent Psychiatry, S.C. v. Home Life Ins. Co.,* 751 F.Supp. 727 (N.D. Ill.1990), aff'd. 941 F.2d 561 (7th Cir. 1991). Additionally, the allegations with respect to Carr and Gill are insufficient under Rule 9(b), which requires fraud to be pleaded with particularity. Allegations upon information and belief, such as plaintiff has alleged here, are insufficient to allege fraud under Rule 9(b), even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for her suspicions. *Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir.1992). Here, plaintiff has not suggested that the facts concerning the nature of the solicitation or the use of the mails in sending the solicitation or making payments are not accessible to her, nor has she stated the grounds for her suspicion that the mails were used. As noted in *Uni\*Quality,* 974 F.2d at 923:

> "Rule 9(b)'s particularity requirement serves an important purpose. Accusations of fraud can seriously harm a business. This is especially so in RICO cases where those accusations of fraud lead to the probably more damaging accusation that the business engaged in 'racketeering.' Rule 9(b) insures that a plaintiff have some basis for his accusations of fraud before making those accusations and thus discourages people from including such accusations in complaints simply to gain leverage for settlement or for other ulterior purposes."

Here, plaintiff has alleged on information and belief that Gill and Carr received a solicitation substantially similar to the allegedly

---

1. A complete statement of the facts alleged in this case and a copy of the flyer sent to plaintiff can be found in this court's original opinion, *Emery,* 873 F.Supp. 1116, and the Seventh Circuit opinion, 71 F.3d 1343.

misleading solicitation received by plaintiff. Thus, all plaintiff has done is state that she suspects Carr and Gill received something misleading, without identifying what that something is. This hardly complies with the purpose of Rule 9(b), and certainly is insufficient to allege a pattern of racketeering activity.

Plaintiff has also added an allegation that a customer named Bessie Chalmers, again "on information and belief," responded to a solicitation in her monthly statement which provided:

"YOU'RE INVITED TO BLUE RIBBON DAYS IN APRIL. PLEASE STOP BY AND SEE US. WE'RE SHOWING OUR APPRECIATION FOR ALL OF OUR BLUE RIBBON CUSTOMERS THROUGHOUT APRIL WITH SPECIAL EVENTS AND BLUE RIBBON SERVICE. CALL U.S. TODAY AT (312) 581-0250 AND WE COULD HAVE YOUR LOAN APPROVED IN LESS THAN AN HOUR."

Plaintiff alleges that the logical inference from this notice is that Chalmers and others would receive additional money by an additional loan or an addition to the existing loan, not by "flipping" the current loan.

Plaintiff does not allege that this notice is deceptive or misleading in any way (unlike the solicitation letter she received which she does allege to be both misleading and deceptive). Nor does she allege that defendant was not holding a special event, or that the purpose of the notice was simply to "rip her off." *Emery*, 71 F.3d at 1347. Nor does the complaint allege that Ms. Chalmers is a financially naive working class borrower who does not read truth-in-lending forms intelligently, or that defendant knew this and targeted her as such. *Id.* Indeed, the complaint does not allege, or even suggest, that such notice was not sent out on every monthly statement, regardless of the competency of the recipient. Thus, it is unlikely that the mailing to Ms. Chalmers could support a claim for mail fraud even under the broad view of the majority in *Emery*.

There are other, equally serious problems with plaintiff's reliance on the "solicitation" contained in Chalmer's monthly statement to support plaintiff's allegations of a "pattern of racketeering activity." The complaint alleges, again, "on information and belief," that Chalmers responded to the solicitation in her monthly statement which was attached to the complaint as an exhibit. The exhibit, however, is dated March 29, 1995. The new "loan" that Chalmers allegedly obtained in response to the exhibit is also dated March 29, 1995. Indeed, the monthly statement that contained the solicitation also contains a summary of the new loan. Thus, as defendants correctly argue, the alleged solicitation was mailed after Chalmers entered the new loan, and could not have influenced Chalmers's decision to obtain that loan.

■ In response to this argument, plaintiff disingenuously asserts that she is "not contending that Ms. Chalmers responded to the precise solicitation attached to the second amended complaint"; rather, plaintiff has "alleged that Ms. Chalmers received multiple monthly statements containing the fraudulent solicitation and, that in response to the monthly solicitations she obtained the new loan." This statement is simply not true, and borders on a violation of Fed.R.Civ.P. 11. The complaint clearly alleges only one solicitation, and states on information and belief that Chalmers responded to the solicitation attached to the complaint. To the extent that exhibits contradict allegations in the complaint, the exhibits control. *In re First Chicago Corp. Sec. Lit.*, 769 F.Supp. 1444, 1450 (N.D.Ill.1991). Accordingly, the court concludes that the second amended complaint fails to plead adequately a pattern of racketeering activity. Counts I through III are therefore dismissed.

■ Finally, defendants have also argued that the second amended complaint again fails to allege a RICO enterprise separate and distinct from the RICO person. In *Moore v. Fidelity Financial Services, Inc.*, 949 F.Supp. 673 (N.D.Ill.1997), this court addressed the issue of whether a Section 1962(c) claim can be stated when the RICO persons and enterprises are comprised of interrelated corporate units. The court concluded that in such situations the plaintiff must allege that the RICO person was doing

something more than merely conducting its own corporate affairs. Under this court's reasoning in *Moore*, it concludes that in the instant case plaintiff has failed to allege anything more than individual corporations carrying out their own corporate affairs. Accordingly, the complaint fails to allege RICO enterprises separate and distinct from the RICO persons.

### CONCLUSION

For the reasons set forth above, the court concludes that the second amended complaint fails to plead adequately a pattern of racketeering activity and fails to allege a RICO enterprise separate and distinct from the RICO person. Accordingly, Counts I through III are dismissed with prejudice. Because those counts are the only basis for federal jurisdiction, the court dismisses Count IV pursuant to 28 U.S.C. § 1367.